CITY OF MIDDLETOWN, Appellee,

v.

JONES, Appellant.

[Cite as *Middletown v. Jones,* 167 Ohio App.3d 679, 2006-Ohio-3465.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2004–06–160.

Decided July 3, 2006.

680

Mark Kalafatas, Middletown City Prosecutor, for appellee.

A. Aaron Aldridge, for appellant.

---

WALSH, Judge.

{¶ 1} Defendant-appellant, Richard Jones, appeals his conviction in the Middletown Municipal Court for menacing by stalking.  We affirm the judgment of the trial court.

{¶ 2} In August 2001, Carla Calhoun phoned the Middletown police and reported that a "creepy" man, unknown to her, was repeatedly driving up and down her street.  Calhoun feared that the man was stalking her young daughter.  An officer responded and stopped appellant.  The officer admonished appellant to stay away from the Calhouns.  In the following several years, appellant would frequently park outside the Calhoun residence and on one occasion lowered his car window to speak with Calhoun's daughter.  Several of these incidents were reported to the police, while numerous incidents went unreported.

{¶ 3} In early 2004, the Calhouns moved to a different residence.  On March 7, 2004, while riding her bike home, Calhoun's daughter stopped to fix her shoestring, which had become caught in a pedal.  Appellant got out of his car,

approached her, and asked where she lived. She did not respond but got back on her bike and rode home. On March 25, 2004, Carla Calhoun again observed appellant's car parked across the street from her apartment, as she was leaving the building. She saw that appellant was sitting in the automobile. Calhoun called the Middletown police on her cellular telephone to report appellant's presence. Appellant observed Calhoun place the call and drove off. Calhoun provided the responding officer with a description of appellant's vehicle. He was stopped a few moments later in the same neighborhood and arrested.

{¶ 4} Appellant was charged with menacing by stalking, a violation of Middletown Codified Ordinance 636.045, and the matter proceeded to trial. Appellant was found guilty and sentenced accordingly. He appeals, raising a single assignment of error in which he alleges that the conviction is contrary to the manifest weight of the evidence.

{¶ 5} When reviewing whether a conviction is supported by the manifest weight of the evidence, an appellate court " 'review[s] the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses.' " *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 39, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. The relevant inquiry is "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id.; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

{¶ 6} Appellant was convicted of menacing by stalking, a violation of Middletown Codified Ordinance 636.045(a)(1), which states that "[n]o person, by engaging in a pattern of conduct, shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

{¶ 7} Appellant first contends that the evidence did not demonstrate that appellant's actions caused mental distress. Middletown Codified Ordinance 636.045(a)(4)(A) defines mental distress as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." However, whether treatment is sought is not determinative; rather, it is the duty of the trier of fact to determine whether a victim suffered mental distress as a result of the offender's actions. *State v. Rucker* (2002), Butler App. No. CA2001–04–076, 2002 WL 83731. In making this determination, the trial court "may rely on its knowledge and experience in determining whether mental distress has been caused." *Smith v. Wunsch*, 162 Ohio App.3d 21, 2005-Ohio-3498, 832 N.E.2d 757, ¶ 18.

■ {¶ 8} Calhoun testified that appellant's actions made her feel "nervous," "frightened," and "very scared." Because of appellant's actions, Calhoun was more protective of her daughter. She required her daughter to phone whenever arriving or departing from visiting friends, and Calhoun would wait outside her home for her daughter's return. The officer who responded to the March 25, 2004 incident testified that Calhoun and her daughter were "upset," "worried," and "scared." Given these particular facts, we conclude that the trial court did not err in finding that appellant caused Calhoun to suffer mental distress. Contrary to appellant's assertion, his actions did in fact cause Calhoun mental distress "greater than the alleged victim would have experienced had she seen any other stranger on the street."

{¶ 9} Appellant next contends that the evidence fails to demonstrate that he engaged in a "pattern of conduct closely related in time." In support of his argument, appellant points out that a period of years elapsed between the first incident in 2001 and the incident leading to his arrest, which occurred in 2004.

■■ {¶ 10} Pursuant to Middletown Codified Ordinance 636.045(a)(4)(D), a pattern of conduct "means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." Because the statute does not specifically state what constitutes incidents "closely related in time," whether the incidents in question were "closely related in time" should be resolved by the trier of fact "considering the evidence in the context of all the circumstances of the case." *State v. Honeycutt*, Montgomery App. No. 19004, 2002-Ohio-3490, 2002 WL 1438648, ¶ 26, citing *State v. Dario* (1995), 106 Ohio App.3d 232, 238, 665 N.E.2d 759. In determining what constitutes a pattern of conduct for purposes of R.C. 2903.211(D)(1), courts must take every action into consideration even if, as appellant argues, "some of the person's actions may not, in isolation, seem particularly threatening." *Guthrie v. Long*, Franklin App. No. 04AP–913, 2005-Ohio-1541, 2005 WL 737402, ¶ 12; *Miller v. Francisco*, Lake App. No. 2002–L–097, 2003-Ohio-1978, 2003 WL 1904066, ¶ 11.

■ {¶ 11} In the present case, the incidents spanned a number of years, beginning in 2001. Four incidents were reported to the police over a period of four years, and Calhoun testified that there were "numerous" other incidents that she did not report. The most recent two incidents both occurred in March 2004. These two incidents considered alone are, by definition, a "pattern of conduct" as contemplated by Section 636.045(a)(4)(D) and viewed in the context of appellant's actions over the course of the prior four years are overwhelming evidence of his pattern of conduct. Accord *Noah v. Brillhart*, Wayne App. No. 02CA0050, 2003-Ohio-2421, 2003 WL 21078077, ¶ 14.

{¶ 12} Finally, appellant argues that the state failed to demonstrate that he knowingly committed the acts that constitute the pattern of conduct. Appellant alleges that there are reasonable and innocent explanations for each of the incidents in which he appeared in the vicinity of Calhoun's daughter.

{¶ 13} A person acts knowingly " 'regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.' " *State v. Schwab* (1997), 119 Ohio App.3d 463, 471, 695 N.E.2d 801, quoting R.C. 2901.22(B).

{¶ 14} In the instant case, Calhoun had notified police on four occasions that appellant's presence was unwanted, and appellant had been admonished by police to stay away from Calhoun and her daughter. Yet, for a period of years, appellant continued to place himself near Calhoun's residence and approached her daughter on at least one occasion. With regard to the March 7, 2004 incident where he spoke to Calhoun's daughter, appellant offered the unlikely explanation that he mistook the 12–year–old for his own 30–year–old daughter.

{¶ 15} While appellant's explanations may create a conflict in the evidence, the credibility of the witnesses and the weight to be given to their testimony are ultimately matters for the trier of fact to resolve. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37, quoting *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The trial court did not lose its way in this case simply because it chose not to believe appellant's version of the incidents. See *State v. Cramer*, Butler App. No. CA2003–03–078, 2004-Ohio-1712, 2004 WL 720451, ¶ 39; *State v. White*, Butler App. No. CA2003–09–240, 2004-Ohio-3914, 2004 WL 1662297, ¶ 28.

{¶ 16} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Appellant's conviction for menacing by stalking is not against the manifest weight of the evidence. The assignment of error is overruled.

{¶ 17} The judgment is affirmed.

Judgment affirmed.

POWELL, P.J., and BRESSLER, J., concur.