OPINION *Page 2 
{¶ 1} Respondent-appellant Karrie Brown appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which granted a civil stalking protection order against appellant for the protection of Petitioner-appellee Allison Garrigues and her minor daughter. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN FINDING THE MAGISTRATE'S DECISION TO IMPOSE A CIVIL STALKING PROTECTION ORDER WAS SUPPORTED BY THE EVIDENCE ADDUCED AT HEARING BECAUSE IT IS CLEAR THAT THE MAGISTRATE'S DECISION WAS IMPROPER AS THE EVIDENCE WAS INSUFFICIENT AND THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.
 {¶ 3} "II. FURTHER, THE TRIAL COURT ERRED WHEN IT REQUIRED, PURSUANT TO ITS LOCAL RULE 12.02(B), THAT KARRIE MUST UTILIZE THE COURT REPORTER CHOSEN AND APPOINTED BY THE COURT TO PREPARE THE TRANSCRIPT IN THIS MATTER AND BE RESPONSIBLE TO PAY SAID COURT REPORTER WITHOUT ALLOWING KARRIE TO CHOOSE THE COURT REPORTER SINCE SHE WAS RESPONSIBLE FOR THE PAYMENT OF SAME."
 {¶ 4} The record indicates appellant is married to Matt Brown, appellee's ex-husband. The child protected by the protection order is the natural child of Matt Brown and appellee.
 I. {¶ 5} In her first assignment of error, appellant argues the court erred in finding the magistrate's decision to impose a civil stalking protection order was supported by *Page 3 
the sufficiency and manifest weight of the evidence. The trial court stated the parties had a full opportunity to brief the objections and the court reviewed a transcript of the proceedings conducted by the magistrate.
 {¶ 6} The Ohio Supreme Court has ruled "the legal conceptions of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different". State v. Thompkins,78 Ohio St. 3d 380, 1997-Ohio-52, 678 N.E. 2d 541. Sufficiency of the evidence pertains to questions of law as to whether the evidence is legally adequate to support the verdict. Id. In reviewing claims a court's decision is not based upon the sufficiency of evidence, this court must examine the evidence in a light most favorable to the appellee, and determine whether any rational trier of fact could have found all the essential elements of the cause of action. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E.2d 492. On the other hand, under a manifest weight of the evidence standard, the appellate court reviews the entire record, weighs the evidence in all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way.Thompkins at 387, citations deleted. This court may determine that a judgment is supported by sufficient evidence, but nevertheless, is against the weight of the evidence, Id.
 {¶ 7} Appellant asserts this case is simply an attempt by appellee to manipulate her because she is married to appellee's ex-husband.
 {¶ 8} R.C. 2903.214 provides in pertinent part:
 {¶ 9} "(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any *Page 4 
other family or household member, by filing a petition with the court. The petition shall contain or state both of the following:
 {¶ 10} "(1) An allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;
 {¶ 11} (2) A request for relief under this section."
 {¶ 12} R.C. 2903.211 provides no person by engaging in a pattern of conduct shall knowingly cause another person to believe the offender will cause physical harm or mental distress to the person. The statute defines a pattern of conduct as two or more actions or incidents closely related in time. The statute defines mental distress as either any mental illness or condition that involves a temporary substantial incapacity, or any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, regardless of whether the victim requested any such services.
 {¶ 13} Appellant first argues appellee failed to prove by preponderance of the evidence that appellant had engaged in a pattern of conduct. Appellee alleged appellant made three phone calls between June of 2005 and July 2006. Appellee further alleged appellant drove by her home a few times, and telephoned her on other occasions, but appellee did not answer the phone calls. Appellee produced no telephone records.
 {¶ 14} The trial court found the evidence established appellant had threatened appellee with physical violence on two occasions, and had also threatened to disclose some personal information which appellee wished to remain secret. The court found *Page 5 
even without considering the repetitive phone calls and drive-bys, the three threats was sufficient to constitute a pattern of conduct that were closely related in time, even though they occurred over the course of a year.
 {¶ 15} The statute provides a pattern of conduct may be as little as two offenses, but does not specifically set out what "closely related in time" means. In Middletown v. Jones, 167 Ohio App. 3d 679,2006-Ohio-3465, 856 N.E.2d 1003, the Court of Appeals for the 12th Dist. found the trier of fact should consider the evidence in the context of all the circumstances of the case to resolve whether the incidents were closely related in time. Likewise, the Hamilton County Court of Appeals found the trier of fact must decide on a case-by-case basis in the context of all the circumstances. State v.Dario (1995), 106 Ohio App. 3d 232, 665 N.E.2d 759.
 {¶ 16} Appellant also argues there was no evidence appellee suffered could physical harm or mental distress. In fact, appellant argues the record shows it was appellee who caused appellant mental distress.
 {¶ 17} The trial court found appellee had established appellee had shown she suffered mental distress. Appellee testified she was devastated and frightened for herself and her children, and was unable to coach her team at the YMCA because she was upset and distracted. Appellee's supervisor at the YMCA testified appellee cried, was "antsy" and afraid to the extent appellee brought her children to the practices to reassure herself they were safe. Eventually the supervisor was forced to bring in an additional coach. One of appellee's friends testified appellee was distraught every time they were together, because appellee feared appellant would hurt her or one of the children. Another friend testified she overheard appellant use vulgar and threatening *Page 6 
language on the phone, and appellant called back whenever appellee hung up. The magistrate found appellee was more credible.
 {¶ 18} We agree appellee produced evidence which, if believed by the trier of fact, demonstrated appellant caused her mental distress.
 {¶ 19} Appellant also urges there was no evidence to support the court's inclusion of the minor daughter as a protected party under the civil stalking protection order. The trial court found appellant admitted making certain statements, which demonstrated a callous disregard for the best interest of the daughter's sibling. Appellee is able to protect the sibling, who is not related to appellant's husband. The court found appellee could not control the contact or relationship between her daughter and appellant, because appellant's husband had parenting time rights with her. The court concluded appellee was forced to seek the protection of the court for her daughter.
 {¶ 20} Appellee testified her husband had missed one visitation with their daughter and cut another visit short because appellant was behaving violently with him.
 {¶ 21} We have reviewed the record, and we find the trial court's decision is supported by the sufficiency and manifest weight of the evidence.
 {¶ 22} The first assignment of error is overruled.
 II. {¶ 23} In her second assignment of error, appellant argues the trial court erred in not permitting appellant to choose the court reporter to prepare the transcript for its review. Pursuant to Loc. R. 12.02 (B), the trial court chooses the court reporter and sets her compensation. Appellant argues she had made arrangements for another court reporter who charged a lesser rate. Further, she argues the court reporter she *Page 7 
chose would have prepared a more accurate and complete transcript, because certain portions of the transcript indicate the testimony was inaudible. Although appellant requested the court permit her to make arrangements for a different court reporter, it does not appear she informed the court how much less expensive it might have been. In addition, it is only speculative whether the other court reporter's transcript would have been more complete.
 {¶ 24} Appellant does not cite any case law in support of her contention the party ordered to pay for the preparation of the transcript should be permitted to choose the court reporter. Civ. R. 53 discusses the importance of transcripts, but does not provide guidance regarding the selection of a reporter. App. R. 9 (B) provides the court reporter is the person appointed by the court to transcribe the proceedings for the trial court.
 {¶ 25} We find the trial court did not err in enforcing its local rule and appointing a court reporter and setting her compensation. The second assignment of error is overruled. *Page 8 
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant. *Page 1