[Cite as *Madison v. Wilborn*, 2012-Ohio-2742.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CARL MADISON | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Petitioner-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2011CA00247 |
| JERMAINE WILBORN | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011MI00134



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      June 11, 2012



APPEARANCES:

For Appellant:                       For Appellee:

RICHARD DRAKE                        KEVIN BRECHT
303 Courtyard Centre                 159 S. Main St.
116 Cleveland Ave. NW                Suite 812
Canton, OH 44702                     Akron, OH 44308

*Delaney, P.J.*

{¶1} Respondent-Appellant Jermaine Wilborn appeals the September 30, 2011 judgment of the Stark County Court of Common Pleas to affirm and adopt the Magistrate's Decision of July 1, 2011 to grant a Civil Stalking Protection Order ("CSPO").

## FACTS AND PROCEDURAL HISTORY

{¶2} On May 17, 2011, Petitioner-Appellee Carl Madison filed a Petition for an Ex Parte Civil Stalking Protection Order against Wilborn. The trial court granted the ex parte CSPO the same day. A full hearing on the Petition was set for June 28, 2011 before the magistrate. The following facts were adduced at the full hearing.

{¶3} Wilborn and Madison work at the same place of employment. Testimony established Wilborn has been hostile towards Madison since 2004.

{¶4} In November 2010, Wilborn confronted Madison in the bathroom of a Denny's restaurant at 1:30 a.m.

{¶5} In April 2011, Wilborn and Madison engaged in a verbal dispute at work. Madison and three eyewitnesses testified Wilborn flew into a rage against Madison and advanced upon Madison until the parties were nose to nose. Wilborn clenched his fists, pounded his fists on the table, screamed profanity, and caused everyone present to be extremely concerned that Wilborn would physically assault Madison. Wilborn agreed the description of the incident was accurate and he was not surprised that the witnesses of the incident were frightened by his conduct.

{¶6} A witness testified that Wilborn told her that he followed Madison from work to find out where Madison lived and that he had followed Madison from work on more than once occasion. Wilborn told the witness that he wanted to have contact with Madison's wife.

{¶7} Based on the preponderance of the evidence, the magistrate found Madison established Wilborn engaged in a pattern of conduct that knowingly caused Madison to believe Wilborn would cause him physical harm and caused Madison to suffer mental distress. The magistrate granted the CSPO on July 1, 2011. The CSPO was effective until May 17, 2016. The magistrate also issued Findings of Fact and Conclusions of Law in support of the CSPO. The Findings of Fact and Conclusions of Law did not include Civ.R. 53 language notifying the parties of their responsibility to object to the Magistrate's Decision.

{¶8} On July 14, 2011, Wilborn filed a pro se objection to the July 1, 2011 CSPO. The trial court found Wilborn's objection did not comply with the requirements of Civ.R. 53. However, because the July 1, 2011 CSPO did not comply with Civ.R. 53, the trial court gave the parties 14 days from July 25, 2011 to file written objections to the CSPO. (Judgment Entry, July 25, 2011.)

{¶9} Wilborn filed a second pro se objection to the CSPO on August 10, 2011. Wilborn also filed a notice with the trial court that he was in the process of seeking an attorney.

{¶10} On August 24, 2011, the trial court overruled Wilborn's objections as being filed out of time as ordered by the trial court on July 25, 2011. The trial court affirmed and adopted the July 1, 2011 CSPO.

{¶11} On August 25, 2011, counsel for Wilborn filed a motion for extension to file objections to the CSPO simultaneously with his objections to the CSPO. Wilborn requested an extension until September 9, 2011 to allow the court reporter to complete the transcript. The trial court granted the motion for extension on August 25, 2011.

{¶12} On September 30, 2011, the trial court issued a judgment entry overruling Wilborn's objections. The trial court first found it erroneously granted an extension to Wilborn on August 25, 2011 because the trial court had already denied Wilborn's objections on August 24, 2011. However, it reviewed Wilborn's most recent objections and could not find any grounds to reverse the CSPO.

{¶13} Wilborn filed a Notice of Appeal of the September 30, 2011 Judgment Entry on October 28, 2011. The docket shows the transcript of the June 28, 2011 full hearing was filed on October 28, 2011.

## ASSIGNMENTS OF ERROR

{¶14} Wilborn raises two Assignments of Error:

{¶15} "I. THE TRIAL COURT'S DECISION TO GRANT A STALKING CIVIL PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶16} "II. THE TRIAL COURT ERRED IN FINDING THE APPELLANT'S OBJECTION TO BE UNTIMELY FILED."

## ANALYSIS

*I.*

{¶17} Wilborn argues in his first Assignment of Error the trial court's decision to grant the CSPO was not supported by the manifest weight of the evidence nor was it supported by sufficient evidence. We disagree.

### Failure to File a Transcript with the Trial Court

{¶18} We first must address Wilborn's failure to present a transcript to the trial court for its review of Wilborn's objections to the CSPO. Wilborn filed the transcript of the full hearing on October 28, 2011, the day he filed his Notice of Appeal. The trial court never had the opportunity to review the transcript when considering Wilborn's objections to the CSPO.

{¶19} Civ. R. 53(D)(3)(b)(iii) provides:

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on

which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶20} Where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Stark v. Haser*, 5th Dist. No. 03CAF11057, 2004–Ohio–4641, ¶ 15.

{¶21} As such, we consider the magistrate's July 1, 2011 findings of fact to be established and cannot be attacked on appeal because Wilborn failed to provide the transcript for the trial court's review of his objections. We will only consider the conclusions of law made by the magistrate and the trial court's affirmance of the same.

## Civil Stalking Protection Order

{¶22} R.C. 2903.214 governs the filing of a petition for a civil stalking protection order. R.C. 2903.214(C) provides: "A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member by filing a petition with the court."

{¶23} To be entitled to a civil stalking protection order, the petitioner must show by a preponderance of the evidence that the respondent engaged in menacing by stalking, a violation of R.C. 2903.211, against the person seeking the order. *See Tumblin v. Jackson*, 5th Dist. No. 06CA002, 2006-Ohio-3270, ¶ 17.

{¶24} R.C. 2903.211(A), "menacing by stalking," states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the

offender will cause physical harm to the other person or cause mental distress to the other person."

{¶25} R.C. 2903.211 further provides as follows:

(D) As used in this section:

(1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.

{¶26} "R.C. 2903.211(D)(1) does not require that a pattern of conduct be proved by events from at least two different days. Arguably, a pattern of conduct could arise out of two or more events occurring on the same date, provided that there are sufficient intervals between them." *State v. Scruggs*, 136 Ohio App.3d 631, 634 (2nd Dist. 2000). One incident is insufficient to establish a "pattern of conduct." *Id*. The statute does not define the term "closely related in time," but case law suggests the trier of fact should consider the evidence in the context of all circumstances of the case. *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465 (12th Dist.). Trial courts may take every action into consideration, even if some actions in isolation would not seem particularly threatening. *Guthrie v. Long*, 10th Dist. No. 04AP-913, 2005-Ohio-1541.

{¶27} R.C. 2903.211(D) further states, in relevant part, as follows

(2) "Mental distress" means any of the following:

(a) Any mental illness or condition that involves some temporary substantial incapacity;

(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

{¶28} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff*, 5th Dist. No. 02-COA-058, 2003-Ohio-4621, at ¶ 21. Therefore, an appellate court should not reverse the decision of the trial court absent an abuse of discretion. In order to find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶29} We further note that a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson*, 66 Ohio St.3d 610, 614 N.E.2d 742 (1993). The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶30} Wilborn argues Madison failed to prove by a preponderance of the evidence that Wilborn engaged in a pattern of conduct to knowingly cause Madison to be in fear of physical harm or cause Madison mental distress. Wilborn first states the incidents cited by the trial court cannot establish a pattern of conduct that could cause Madison to be in fear of physical harm because the two incidents cited by the trial court were months apart.

{¶31} The pattern of conduct can be as few as two incidents, and the statute does not specifically set forth what "closely in time" means. In *State v. Dario*, 106 Ohio App.3d 232 (1st Dist.1995), the First District determined that the trier or fact must decide on a case-by-case basis in the context of all of the circumstances whether the instances are close in time. Similarly, in *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-346 (12th Dist.), the Twelfth District stated the trier of fact should consider the totality of the circumstances of the case when determining whether the incidents were closely related in time.

{¶32} In this case, the trial court noted incidents in November 2010 and April 2011 and found them to be closely related in time. During that period of time, a witness also testified Wilborn admitted to following Madison home at least on two occasions and he wanted to contact Madison's wife. Based on the totality of the circumstances of this case, we find no abuse of discretion in determining these incidents established two or more incidents closely related in time.

{¶33} Wilborn also contends that only the April 2011 incident caused Madison to fear physical harm. The trial court found the April 2011 incident caused Madison to believe Wilborn would cause him physical harm and Wilborn's pattern of conduct

caused Madison to suffer mental distress. We held in *Coleridge v. Tomsho*, 5th Dist. No. 2002CA00280, 2003-Ohio-650, that R.C. 2903.211 was written in the disjunctive. A petitioner can establish a fear of physical harm or mental distress. Madison testified he suffered mental distress as a result of the culmination of incidents between himself and Wilborn.

{¶34} Upon review, we find the trial court did not abuse its discretion by issuing the CSPO. The CSPO was not against the manifest weight of the evidence and it is supported by sufficient evidence. Madison and witnesses testified to a pattern of conduct by Wilborn that caused Madison to fear physical harm and caused him mental distress. Civil stalking protection order cases most often turn on the credibility of the witnesses and in this case, the magistrate found Madison and the witnesses to be more credible than Wilborn.

{¶35} Wilborn's first Assignment of Error is overruled.

*II.*

{¶36} Wilborn argues in his second Assignment of Error that the trial court erred in finding Wilborn's second objection to the CSPO was not timely filed and therefore denied the same.

{¶37} We find no support for this argument based on the trial court's September 30, 2011 judgment entry. On August 24, 2011, the trial court denied Wilborn's second objection to the CSPO as being untimely filed. Wilborn filed a third objection to the CSPO on August 25, 2011 with the assistance of counsel. In its September 30, 2011 judgment entry, the trial court overruled the objections to the CSPO based on its previous denial on August 24, 2011, but the trial court also noted it

considered the merits of the most recent objections. The trial court stated, "Moreover, the Court finds that a review of Respondent's Objections does not bring to light any grounds upon which the Court should reverse the original decision made by the Magistrate."

{¶38} The trial court considered the merits of Wilborn's third objection to the CSPO and it is from this decision that Wilborn appealed.

{¶39} Wilborn's second Assignment of Error is overruled.

**CONCLUSION**

{¶40} Based on the foregoing, we find no abuse of discretion by the trial court to overrule Wilborn's objections to the CSPO. Wilborn's first and second Assignments of Error are overruled.

{¶41} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CARL MADISON

   Petitioner - Appellee

-vs-

JERMAINE WILBORN

:     JUDGMENT ENTRY

:     Case No.    2011CA00247

Respondent - Appellant          :

                                          :

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

<br>

HON. PATRICIA A. DELANEY

<br>

HON. W. SCOTT GWIN

<br>

HON. JOHN W. WISE