[Cite as *Kruszynski v. Kruszynski*, 2013-Ohio-3355.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ZBIGNIEW S. KRUSZYNSKI | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Respondent-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12-CA-133 |
| AMY KRUSZYNSKI | |
| Petitioner-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
                             Common Pleas, Case No. 12-CV-989


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 29, 2013


APPEARANCES:


For Respondent-Appellant            For Petitioner-Appellee


LISA A. WAFER                       AMY KRUSZYNSKI, PRO SE
Saia & Piatt, Inc.                  140 Leasure Drive
713 S. Front St.                    Pickerington, Ohio 44147
Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Respondent-appellant Zbigniew S. Kruszynski appeals the October 31, 2012 Entry entered by the Fairfield County Court of Common Pleas, which granted a civil stalking protection order in favor of petitioner-appellee Amy Kruszynski.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee were married in 2002, and have been separated since the end of 2008. Their divorce action, which has been pending since August 9, 2010, is stayed as the result of Appellant's filing bankruptcy. The domestic relations court issued a temporary Shared Parenting Plan relative to the parties' son, A.K. All parenting exchanges occur at the Pickerington Police Department. Appellee currently resides with A.K. as well as her boyfriend, Steve Holcomb.

{¶3} On September 14, 2012, Appellee filed a Petition for Civil Stalking Protection Order pursuant to R.C. 2903.214. Therein, Appellee sought protection from Appellant for herself, her son, and Holcomb. The trial court issued an ex-parte order against Appellant.

{¶4} The trial court conducted a two-day hearing on Appellee's petition on September 26, 2012, and October 5, 2012. The parties presented conflicting testimony as to several incidents which allegedly occurred between them during the course of their relationship.

{¶5} Appellee testified Appellant, over the past months, had engaged in erratic driving; dangerous tailgating, verbal and non-verbal insults, obscenities, threats, and physical abuse. Appellee noted these behaviors and actions caused her to be fearful of Appellant. Appellee recalled, on Thanksgiving, 2011, she, Holcomb, and some family

members were in two vehicles traveling to a relative's house. Appellee and Holcomb were in the front vehicle; Holcomb was driving. The vehicles were at an intersection, making a right-hand turn. Appellee observed Appellant in his vehicle on the opposite side of an intersection. Appellant came through the light, cut off another vehicle, and proceeded to closely and dangerously tailgate Appellee and Holcomb. Appellant was so close, Appellee could see him screaming and gesturing. Appellee also testified about the parenting exchanges at the Pickerington Police Station. She described how Appellant would follow her home, screaming obscenities and gesturing like he was cutting her throat. Appellee explained she waits for Appellant to depart first in order to avoid these situations, and takes alternative routes home.

{¶6} Appellee further discussed the verbal and physical abuse Appellant inflicted upon her when they lived together as well as after their separation. One morning when Appellee was dropping their son at school, Appellant approached, slammed her against a car, and shoved his fist into her stomach.

{¶7} Appellant denied all of Appellee's allegations.

{¶8} Following the hearing, the parties filed post-hearing briefs. Via Entry filed October 21, 2012, the trial court granted Appellee's petition for civil stalking protection order as to Appellee herself, but denied the petition as to the parties' son and Appellee's boyfriend.

{¶9} It is from this entry Appellant appeals, raising as his sole assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED BY GRANTING PETITIONER-APPELLEE AMY KRUSZYNSKI A CIVIL STALKING PROTECTION ORDER PURSUANT TO R.C. 2903.214."

I

**{¶11}** The decision whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff,* 5th Dist. Ashland No. 02-COA-058, 2003-Ohio-4621*,* at ¶ 21. Therefore, an appellate court should not reverse the decision of the trial court absent an abuse of discretion. In order to find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶12}** Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742. The underlying rationale for giving deference to the findings of the trial court rests with the knowledge the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶13} R.C. 2903.214 governs the issuance of civil stalking protection orders, and reads, in relevant part:

(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state all of the following:

(1)An allegation that the respondent is eighteen years of age or older and engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;

{¶14} R.C. 2903.211 defines the offense of "menacing by stalking":

(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

{¶15} R.C. 2903.211 further provides as follows:

(D) As used in this section:

(1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.

**{¶16}** "R.C. 2903.211(D)(1) does not require that a pattern of conduct be proved by events from at least two different days. Arguably, a pattern of conduct could arise out of two or more events occurring on the same date, provided that there are sufficient intervals between them." *State v. Scruggs,* 136 Ohio App.3d 631, 634, 737 N.E.2d 574 (2000). One incident is insufficient to establish a "pattern of conduct." *Id.* The statute does not define the term "closely related in time," but case law suggests the trier of fact should consider the evidence in the context of all circumstances of the case. *Middletown v. Jones,* 167 Ohio App.3d 679, 856 N.E.2d 1003, 2006–Ohio–3465 (12th Dist.). Trial courts may take every action into consideration, even if some actions in isolation would not seem particularly threatening. *Guthrie v. Long,* 10th Dist. No. 04AP–913, 2005–Ohio–1541.

**{¶17}** R.C. 2903.211(D) further provides:

(2) "Mental distress" means any of the following:

(a) Any mental illness or condition that involves some temporary substantial incapacity;

(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

**{¶18}** Appellant argues Appellee failed to prove by a preponderance of the evidence that Appellant engaged in a pattern of conduct to knowingly cause Appellee to be in fear of physical harm or cause Appellee mental distress. Appellant states the incidents cited by the trial court cannot establish a pattern of conduct that could cause

Appellee to be in fear of physical harm because the incidents of erratic driving and tailgating Appellee described had not occurred for at least a few months before Appellee filed her petition and there was only one incident in the two months preceding the hearing.

{¶19} The pattern of conduct can be as few as two incidents, and the statute does not specifically set forth what "closely in time" means. In *State v. Dario,* 106 Ohio App.3d 232, 665 N.E.2d 759 (1st Dist.1995), the First District determined that the trier or fact must decide on a case-by-case basis in the context of all of the circumstances whether the instances are close in time. Similarly, in *Middletown v. Jones,* 167 Ohio App.3d 679, 2006–Ohio–346 (12th Dist.), the Twelfth District stated the trier of fact should consider the totality of the circumstances of the case when determining whether the incidents were closely related in time.

{¶20} The trial court found Appellant's actions in verbally insulting Appellee; driving erratically in tailgating Appellee; and making inappropriate hand gestures to Appellee  occurred within a span of a few months and constituted a pattern of conduct. We agree.  The fact Appellant stopped or decreased the conduct following Appellee's filing of the petition and prior to the hearing does not negate the fact he had engaged in a pattern of conduct.

{¶21} Appellant further contends Appellee failed to establish his conduct caused her to suffer emotional distress.  The trial court found Appellee believed Appellant would cause her mental distress and physical harm. We held in *Coleridge v. Tomsho,* 5th Dist. Stark No. 2002CA00280, 2003–Ohio–650, that R.C. 2903.211 was written in the disjunctive. A petitioner can establish a fear of physical harm or mental distress.

Appellee testified she was fearful of Appellant and experienced anxiety as a result of his actions.

{¶22} Upon review, we find the trial court did not abuse its discretion by issuing the CSPO. The CSPO was not against the manifest weight of the evidence and it is supported by sufficient evidence. Appellee testified to a pattern of conduct by Appellant which caused Appellee to fear physical harm and caused her to be fearful of Appellant. Civil stalking protection order cases most often turn on the credibility of the witnesses and in this case, the trial court obviously found Appellee to be more credible than Appellant.

{¶23} Appellant's sole assignment of error is overruled.

{¶24} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ZBIGNIEW S. KRUSZYNSKI          :
                               :
Respondent-Appellant           :
                               :
-vs-                           :            JUDGMENT ENTRY
                               :
AMY KRUSZYNSKI                  :
                               :
Petitioner-Appellee            :            Case No. 12-CA-133


    For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas is affirmed.  Costs to Appellant.


                                   _____
                                   HON. WILLIAM B. HOFFMAN


                                   _____
                                   HON. PATRICIA A. DELANEY


                                   _____
                                   HON. CRAIG R. BALDWIN