[Cite as *Ball v. Flowers*, 2014-Ohio-653.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

JOHN BALL, ET AL.,                    )
                                      )
    PLAINTIFFS-APPELLEES,            )
                                      )          CASE NO. 13 MA 39
V.                                    )
                                      )          OPINION
JOYCE FLOWERS,                        )
                                      )
    DEFENDANT-APPELLANT.             )

CHARACTER OF PROCEEDINGS:        Civil Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 12CV2580

JUDGMENT:                        Reversed

APPEARANCES:
For Plaintiffs-Appellees          Attorney Joseph C. Bishara
                                  Attorney Elizabeth H. Farbman
                                  100 Federal Plaza East, Suite 600
                                  Youngstown, Ohio 44503

For Defendant-Appellant           Attorney Marshall D. Buck
                                  100 Federal Plaza East, Suite 926
                                  Youngstown, Ohio 44503

                                  Attorney James H. Davis
                                  6715 Tippecanoe Road, Suite A103
                                  Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 21, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Joyce Flowers, appeals from a Mahoning County Common Pleas Court judgment finding that she violated the terms of a temporary restraining order.

{¶2} Appellant and plaintiffs-appellees, John and Celia Ball, own adjacent property on Tippecanoe Road in Canfield, Ohio. There has apparently been some dispute between the parties regarding a certain area of property, known as the "disputed property," located on the east side of the Ball property and the north side of the Flowers property. The septic system for the Balls' house is located on the disputed property.

{¶3} On August 16, 2012, appellees filed a complaint against appellant for adverse possession, to quiet title, and for a permanent injunction. That day, they also sought, and the trial court granted, a temporary restraining order (TRO) restraining appellant from interfering with their use and occupation of the disputed property including interfering with the location, use, and operation of their septic system. Appellees later filed an amended complaint adding additional claims.

{¶4} Appellant was served with the complaint and the TRO on August 21, 2012.

{¶5} On August 20, 2012, appellees filed a motion for appellant to show cause why she should not be held in contempt for violating the TRO. The motion alleged that on August 18 and 19, parties acting on appellant's behalf erected a fence on the north side of the disputed property and that such activity occurred directly over appellees' septic system. It went on to allege that during the construction of the fence, appellant's representatives damaged a gas line servicing appellees' house, thereby trespassing onto appellees' property. The motion also alleged that the TRO was served on appellant's legal counsel on August 16, by email, which he responded to that day indicating his receipt.

{¶6} The magistrate held a show cause hearing where he heard testimony from appellee, Celia Ball. Appellant did not appear at the hearing but her counsel was present on her behalf. The magistrate found appellant in contempt for violating

the terms of the TRO. He fined appellant $250 to be paid to appellees and ordered appellant to pay appellees' costs and attorney fees for the contempt action.

{¶7} Appellant filed objections to the magistrate's decision asserting that the magistrate's findings did not support a finding that she violated the terms of the TRO.

{¶8} The trial court overruled the objections. It found that appellant had failed to provide it with a transcript or affidavit so that it could independently review the magistrate's decision. The court, finding no error of law or other defect with the magistrate's decision, overruled the objections and adopted the magistrate's decision.

{¶9} Appellant filed a timely notice of appeal on March 29, 2013.

{¶10} Appellant raises a single assignment of error that states:

THE TRIAL COURT ERRED IN DETERMINING THAT JOYCE FLOWERS VIOLATED THE TERMS OF THE TEMPORARY RESTRAINING ORDER.

{¶11} Appellant breaks her assignment of error down into two issues. Her first issue asks:

Did the trial court err in determining that Joyce Flowers violated the terms of the temporary restraining order when there was no determination that she interfered with the Balls' use or occupation of the disputed property or the location, use or operation of the septic system located on the disputed property?

{¶12} Appellant argues that Celia's testimony failed to establish that appellant violated the terms of the TRO. She contends there was no testimony that she interfered with appellees' use or occupation of the disputed property or the use or operation of their septic system. And appellant states neither the magistrate's decision nor the trial court's judgment made a finding that she interfered with appellees' use or occupation of the disputed property or the septic system. She points out that appellees were not at home during most of the time the gas line was

ruptured. Appellant goes on to argue that the installation of the fence was not in the same area as the ruptured gas line. And she contends nothing in the TRO prohibits her from entering the disputed property and conducting activities that do not interfere with appellees' use and occupation or the flow of the septic system drainage. She seems to allege that as long as she did not interfere with appellees' septic system, she did not violate the TRO.

{¶13} We cannot review the merits of appellant's first issue for review.

{¶14} Civ. R. 53(D)(3)(b)(iii) provides that an objection to a magistrate's factual finding shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

{¶15} When an appellant fails to provide a transcript of the magistrate's hearing for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Madison v. Wilborn*, 5th Dist. No. 2011CA00247, 2012-Ohio-2742, ¶20. See also, *Baker v. Yahner*, 8th Dist. No. 67026, 67041, 1995 WL 168342, *4 (Apr. 6, 1995). The Ohio Supreme Court has held:

> When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.

*Stare ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

{¶16} Appellant makes factual arguments in this issue for review that can only be resolved by examining the transcript of the show cause hearing held before the

magistrate. But appellant did not file the transcript with the trial court. The trial court specifically stated in its judgment entry that appellant "failed to provide this Court with a transcript or affidavit to independently review the decision." Although appellant filed the transcript with this court after filing her notice of appeal, we cannot consider the transcript because it was not available for the trial court's consideration.

{¶17} As such, we are limited to reviewing whether the trial court abused its discretion in adopting the magistrate's decision.

{¶18} Because the trial court did not have a transcript of the evidence presented at the show cause hearing, it was limited to reviewing the magistrate's decision for errors of law. The trial court conducted this review and found no errors of law. Appellant does not assert any errors of law here. Instead, her arguments are factual ones regarding what the evidence at the show cause hearing demonstrated.

{¶19} Based on the above, we cannot conclude that the trial court abused its discretion in adopting the magistrate's decision and finding appellant in contempt for violating the terms of the TRO. Therefore, appellant's first issue for review lacks merit.

{¶20} Appellant's second issue for review asks:

> Did the trial court err in determining that Joyce Flowers violated the terms of the temporary restraining order when she was not served with the TRO until after the disputed activities occurred?

{¶21} Appellant argues the record fails to establish that she received notice of the TRO prior to the activities of August 18 and 19. She notes that while the TRO was filed on August 16, the docket reveals that it was not served on her until August 21, along with the complaint. Appellant argues that she cannot be held to have knowledge of the TRO before it was served on her. She contends she was not in contact with her attorney from August 17 to 19, because he was out of town. Appellant further asserts that service on her attorney did not serve to give her notice because he had not yet entered an appearance in this case. She notes that the TRO

was filed at the same time as the complaint.

**{¶22}** Civ.R. 65(E) governs the service of temporary restraining orders. Pursuant to the Rule a restraining order that is granted ex parte shall be served in the manner provided for service of process under Rule 4 through Rule 4.3 and Rule 4.6. If the restraining order is granted upon a motion accompanying a pleading the order may be served with the process and pleading. Civ. R. 65(E).

**{¶23}** In this case, the ex parte TRO was granted upon a motion accompanying appellees' complaint. A complaint is a pleading. Civ.R. 7(A). Thus, the TRO in this case could be served with the process and pleading.

**{¶24}** Appellees argue, pursuant to Civ.R. 5, that they perfected service of the TRO on appellant when they emailed appellant's counsel on August 16.

**{¶25}** Civ.R. 5(B)(1) provides that if a party is represented by an attorney, service must be made on the attorney. According to Civ.R. 5(B)(2)(f), a document is considered served in numerous ways including "sending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served."

**{¶26}** What appellees overlook, however, is that Civ.R. 5 is titled "Service and filing of pleadings and other papers *subsequent to the original complaint*" and Civ.R. 5(A) provides "every order required by its terms to be served, every pleading *subsequent to the original complaint* unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties." (Emphasis added.)

**{¶27}** In this case, appellees attempted to serve appellant, through her attorney, by way of emailing the complaint and TRO contemporaneously. Because the complaint was not first served on appellant, appellees could not rely on Civ.R. 5's

methods for serving documents subsequent to the original complaint.

{¶28} Because appellees attempted to serve appellant with the TRO contemporaneously with the original complaint, as is permitted by Civ.R. 65(E), they were required to serve her by one of the methods of service of a complaint.

{¶29} Upon the filing of a complaint, the clerk shall issue a summons for service on the defendant. Civ.R. 4(A). The methods of service of the process and complaint are set out in Civ.R. 4.1. There are three methods: (1) service by the clerk by certified or express mail or commercial carrier service; (2) personal service; and (3) residence service. Civ.R. 4.1(A)(B)(C).

{¶30} Appellees did serve appellant by certified mail. The record reflects that appellant was served by certified mail on August 21. Thus, this was the actual date of service on appellant.

{¶31} Even if appellant had some knowledge that appellees sought or received a TRO, this knowledge would not be sufficient to require her compliance. Actual notice of a restraining order requires more than general knowledge that an order has been issued. *State v. Conner*, 192 Ohio App.3d 166, 2011-Ohio-146, 948 N.E.2d 497 (6th Dist.), ¶24, citing *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 126, 573 N.E.2d 98 (1991). Actual knowledge of an order requires knowledge of its terms. *Id.*; See also Civ.R. 65(D).

{¶32} Thus, because appellant was not served with the TRO and complaint until August 21, she could not have been in violation of the TRO on August 18, when she allegedly had a fence erected on the disputed property.

{¶33} Appellees argue appellant waived the issue of service because her counsel did not raise it at the show cause hearing. Appellant did, however, raise the issue in her objections to the magistrate's decision. In fact, she made the same argument to the trial court that she now makes here. But the trial court's judgment entry did not address her argument. And at the show cause hearing, appellees' counsel brought up the issue by representing to the court that service of the TRO was effective pursuant to Civ.R. 65(E) and Civ.R. 5 by emailing the TRO to

appellant's counsel on August 16.  Thus, appellant did not waive the issue of service.

**{¶34}** Based on the above, appellant's second issue for review is meritorious. Accordingly, appellant's assignment of error has merit based on her second issue for review.

**{¶35}** For the reasons stated above, the trial court's judgment finding appellant in contempt of court is hereby reversed.

Waite, J., concurs.

DeGenaro, P.J., concurs.