[Cite as *Harnar v. Becker*, 2021-Ohio-784.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| TODD HARNAR, | : | |
| Appellant, | : | CASE NO. CA2020-10-068 |
| | : | O P I N I O N |
| - vs - | | 3/15/2021 |
| | : | |
| GREGORY BECKER, | : | |
| Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19 CS 3718


Rittgers & Rittgers, Attorneys at Law, Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for appellant

Gregory Becker, 580 Lake Front Drive, Lebanon, Ohio 45036, pro se


**PIPER, P.J.**

{¶1} Appellant, Todd Harnar, appeals a decision of the Warren County Court of Common Pleas granting a civil stalking protection order ("CSPO") in favor of appellee, Gregory Becker.

{¶2} Harnar and Becker are former neighbors who were in conflict with one another. Harnar moved from the neighborhood, but continued to return to the area in order

to visit friends. When he would return to visit friends, Harnar drove past Becker's house, resulting in continuous discord and arguments between the two men.

{¶3} Eventually, Harnar and Becker filed cross-complaints for CSPOs based on menacing by stalking allegations as codified in R.C. 2903.214. A magistrate granted both parties a CSPO for five years. Harnar, who originally neglected to file an objection to the magistrate's order, was granted leave by the trial court to file an untimely objection to the magistrate's order. The trial court overruled Harnar's objection and adopted the magistrate's order. Harnar now appeals the trial court's decision, raising the following assignment of error:

{¶4} THE TRIAL COURT ERRED WHEN IT GRANTED MR. BECKER'S REQUEST FOR A CIVIL PROTECTION ORDER.

{¶5} Harnar argues in his assignment of error that the trial court erred in granting Becker a CSPO.

{¶6} Pursuant to R.C. 2903.214(C)(1), the issuance of a civil stalking protection order requires the petitioner to establish that the respondent engaged in conduct constituting menacing by stalking. *Lane v. Brewster*, 12th Dist. Clermont No. CA2011-08-060, 2012-Ohio-1290, ¶ 18. As defined by R.C. 2903.211(A)(1), "menacing by stalking" means engaging in a pattern of conduct that knowingly causes another "to believe that the offender will cause serious physical harm to the other person or cause mental distress to the other person."

{¶7} "A person acts knowingly, regardless of purpose, when the person is aware that [his or her] conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Furthermore, "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist." *Id.*

{¶8} A pattern of conduct requires only two or more actions closely related in time.

- 2 -

R.C. 2903.211(D)(1). *Bartells v. Bertel*, 12th Dist. Butler No. CA2016-11-216, 2018-Ohio-21, ¶ 56. In determining what constitutes a pattern of conduct, "courts must take every action of the respondent into consideration even if some of the actions in isolation do not seem particularly threatening." *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, ¶ 10 (12th Dist.). Explicit threats are not necessary to establish menacing by stalking under R.C. 2903.211. *Bartells*, at ¶ 56.

{¶9} According to R.C. 2903.211(D)(2), mental distress includes,

> (a) Any mental illness or condition that involves some temporary substantial incapacity;
>
> (b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

{¶10} A preponderance of the evidence standard applies to the trial court's decision granting a civil stalking protection order. *Henry v. Coogan*, 12th Dist. Clermont No. CA2002-05-042, 2002-Ohio-6519, ¶ 15. "When assessing whether a civil stalking protection order should have been issued, the reviewing court must determine whether there was sufficient credible evidence to prove by a preponderance of the evidence that the petitioner was entitled to relief." *Fouch v. Pennington*, 12th Dist. Clermont No. CA2011-10-075, 2012-Ohio-3536, ¶ 9. "Preponderance of the evidence" means the greater weight of the evidence, or evidence that leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence. *Cutler v. Reed*, 12th Dist. Butler No. CA2015-06-105, 2016-Ohio-1151.

{¶11} After reviewing the record, we find that the trial court did not err in issuing the CSPO as there is sufficient credible evidence to prove by a preponderance of the evidence

that Becker was entitled to relief.[1]

{¶12} Becker testified that after Harnar moved from the neighborhood, Harnar continued to drive past his house multiple times a day. This was true despite there being multiple points of ingress and egress to the neighborhood and thus other ways Harnar could have approached former neighbors for a visit.

{¶13} On several occasions, Harnar drove by Becker's home multiple times within a short timeframe when Becker was outside working in the front yard or accepting deliveries. Becker also testified that Harnar would drive past his house, pull his car over on the curb, and remain pulled over for no apparent reason. Based on this evidence, the trial court determined that Harnar engaged in conduct that justified the CSPO.

{¶14} Harnar argues first that the trial court erred by considering evidence de hors the record that was raised during a prior hearing when the magistrate considered actions that occurred while the two men were still neighbors. While the magistrate noted past filings between the parties, the magistrate did not attribute any significance to those filings as effecting its current decision. The mere reference to the former filings is harmless.

{¶15} During the current hearing, Harnar cross-examined Becker about a police report being filed and Becker began to answer the question. Within his answer, Becker referred to actions taken in the past that created the animosity between the men. Harnar objected to the discussion of past evidence, and the magistrate noted that Becker's testimony was in response to Harnar's question on cross-examination.

{¶16} While Becker may have referred to past events that were the subject of a previous hearing, there is no indication in the record that Becker's testimony regarding those

---

1. We are aware that reviewing courts also employ a manifest weight of the evidence standard when reviewing the issuance of a CSPO. Under either standard, we find the trial court did not err in issuing Becker a CSPO protecting him from Harnar.

past actions was the impetus for the CSPO or that the magistrate considered the testimony in granting the CSPO. Instead, the magistrate specifically relied on conduct that occurred after Harnar moved from the neighborhood and focused the granting of the CSPO on the actions that occurred during the timeframe following Harnar's relocation. Thus, Harnar's argument that the trial court improperly considered evidence is without merit.

{¶17} Harnar next argues that the evidence does not demonstrate that he knowingly acted to cause Becker to believe he was in danger of harm or mental distress. However, the record clearly indicates that Harnar chose to drive past the Becker residence multiple times a day and that he knew Becker was outside during some of these instances. Harnar refused to take alternate routes to avoid Becker's residence, despite his awareness of the discord between the two men and despite knowing of alternative paths that could have been used.

{¶18} Harnar argues that he is entitled to use public roads, especially because he still maintains friendships with past neighbors in the area. However, and as the trial court determined, there were other ways for Harnar to enter and leave the neighborhood that did not require driving past the Becker residence.

{¶19} While simply driving past one's home does not in and of itself amount to threatening behavior, the court considered that Harnar would drive past the Becker residence multiple times within a short timeframe while Becker was outside. Harnar also pulled over his vehicle and stayed parked on the curb for no apparent reason before driving away. Harnar's repeated actions support the court's finding that he engaged in a pattern of conduct that met the statutory threshold for menacing by stalking.

{¶20} Regarding the mental distress Harnar's actions caused, Becker testified that as a result of Harnar's continued presence in the neighborhood and repetitive driving near his home, he felt increased anxiety and sought medical attention. Becker presented

evidence that his doctor addressed his increased anxiety with prescription medication.  The trial court determined that Becker suffered from increased anxiety as a result of Harnar's actions, and the record supports that finding with sufficient credible evidence.

{¶21}  After reviewing the record, we find that the trial court did not err in granting Becker a CSPO against Harnar.  Harnar's sole assignment of error is therefore, overruled.

{¶22}  Judgement affirmed.

S. POWELL and HENDRICKSON, J., concur.