OPINION *Page 2 
{¶ 1} Respondent Diane Macbeth appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which issued a civil protection order against her and in favor of Relator Tab Bloom, her former son-in-law, and Respondent's two minor grandchildren, pursuant to R.C. 2903.214. Appellant assigns a single error to the trial court:
 {¶ 2} "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL [SIC] TO CONCLUDE THAT APPELLANT VIOLATED OHIO REVISED CODE SECTION 2903.214 IN THE ABSENCE OF SUFFICIENT EVIDENCE TO ESTABLISH THAT APPELLANT KNOWINGLY ENGAGED IN A PATTERN OF CONDUCT THAT CAUSED APPELLEE TO BELIEVE THAT APPELLANT WILL CAUSE PHYSICAL HARM OR MENTAL DISTRESS TO THE GRANDCHILDREN."
 {¶ 3} R.C. 2903.214 provides a petitioner seeking a civil stalking protection order must demonstrate the respondent engaged in the offense of menacing by stalking in violation of R.C. 2903.211.
 {¶ 4} R.C. 2903.211 states: "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe the offender will cause physical harm to the other person or cause mental distress to the other person. * * *"
 {¶ 5} The court applies a preponderance of the evidence standard in a determination of whether to grant a stalking civil protection order, see, e.g., Davis v. DiNunzio, Lake App. No. 2004-L-106,2005-Ohio-2883 at paragraph 15.
 {¶ 6} The magistrate to whom the matter was referred made findings of fact. The magistrate listed nine incidents which he found supported a decision appellant has *Page 3 
engaged in a pattern of conduct against appellee or the children. The magistrate found one incident occurred approximately two years before the hearing, another approximately one month prior to the hearing, and one three weeks prior to the hearing. The magistrate made no findings of when any of the other incidents occurred.
 {¶ 7} The magistrate found appellee is the custodial parent, and has been given the care, custody, and control of the two children. The magistrate found appellant is interfering with appellee's parenting, and physical harm and inappropriate behavior has resulted from her interference. The magistrate also found appellant's daughter, the children's mother, has continued to allow appellant access to the children during her parenting times. The magistrate found absent an order from the court, further harm could occur to the children.
 {¶ 8} Appellant argues the evidence adduced at trial was insufficient to establish she had knowingly engaged in a pattern of conduct that caused appellee or her grandchildren to believe she might cause physical harm or mental distress to them. She urges the incidents were too remote in time, and some were not even due to appellant's own actions.
 {¶ 9} R.C. 2903.211(C) defines "pattern of conduct" as two or more actions or incidents closely related in time.
 {¶ 10} The statute does not define the term "closely related in time," but case law suggests the trier of fact should consider the evidence in the context of all circumstances of the case, Middletown v. Jones,167 Ohio App. 3d 679, 2006-Ohio-3465. The trier of fact is best able to decide on a case-by-case basis, State v. Dario (1995),106 Ohio App. 3d 232. *Page 4 
 {¶ 11} The statute defines "mental distress" as any mental illness or condition that involves some temporary substantial incapacity, or any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not the person requested or received the psychiatric, psychological, mental health services. The statute does not require that the victim actually experience mental distress, but only that the victim believes the stalker would cause mental distress or physical harm,State v. Horsley, Franklin App. No. 05AP-350, 2006-Ohio-1208.
 {¶ 12} We find the incidents listed by the magistrate constitute ample evidence appellant engaged in a pattern of conduct to knowingly cause appellee to believe she would cause physical harm or mental distress to him and/or the children.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
 Gwin, P.J., and Farmer, J., concur; Hoffman, J., concurs separately *Page 5