[Cite as *Spaulding v. Spaulding*, 2021-Ohio-533.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Daniel Spaulding

    Appellee

v.

Keith Spaulding

    Appellant

Court of Appeals No. L-20-1102

Trial Court No. DV 2017-0621

**DECISION AND JUDGMENT**

Decided: February 26, 2021

* * * * *

Douglas A. Wilkins, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Keith Spaulding, appeals the judgment of the Lucas County

Court of Common Pleas, Domestic Relations Division, issuing a domestic violence civil

protection order on behalf of appellee, Daniel Spaulding.[1]

---

[1] Appellee has not filed a brief in this appeal.

## Facts and Procedural Background

{¶ 2} On October 16, 2017, appellee filed a petition for domestic violence civil protection order, pursuant to R.C. 3113.31, stating that he feared for his safety, as appellant—appellee's father—had engaged, and was continuing to engage, in various acts of domestic violence. Specifically, appellee alleged:

> From 11/20/16-10/07/17 [appellant] is stalking [appellee].
> [Appellant] sits outside [appellee's] home and blocks him from leaving the driveway. [Appellant] chased [appellee] down the road when [appellee] was on his way to the doctor. [Appellant] sat in the parking lot of the doctor's office. Staff from the doctor's office had to walk [appellee] to his car. * * * [Appellant] also told [appellee] that he was going to "extinguish" him. [Appellant] also told [appellee] that he was going to kill him and his family.

> [Appellant] has pointed a gun at [appellee] in the past. [Appellant] also told [appellee] that when [appellee] was assaulted and hospitalized several years ago, that [appellant] arranged the attack on him.

{¶ 3} A consent agreement and domestic violence civil protective order was entered, pursuant to R.C. 3113.31, on January 30, 2018, effective through January 25, 2020. One of the requirements of the protective order was that appellant was to stay at least 500 feet away from appellee. In November of 2018, appellant was convicted in the Sylvania Municipal Court, case No. CRB-18-00906, for violating the protective order.

Respondent was given one year of probation, served 30 days with electronic monitoring, and attended anger management.

{¶ 4} On December 17, 2019, appellee made a pro se request to the trial court to extend or renew the consent agreement and domestic violence civil protection order beyond January 25, 2020, stating: "RESPONDENT HAS BEEN CHARGED & CONVICTED OF VIOLATING THE ORDER CASE # CRB 1800906 VIO TPO SYLVANIA COURT."

{¶ 5} Hearing on the motion was held before a magistrate on January 6, 2020. At the hearing, appellee, in response to the magistrate's inquiry about the circumstances that brought appellee to file the renewal, testified as follows:

I would like to get a renewal just because there has been a violation that [appellant] was convicted on. *There's still an amount of fear. * * * [H]e was recently released off of probation and since then things have already started to happen again.* For example, there was * * * my in-laws * * * *there was a funeral last Friday and he showed up to that, and my family called me and told me don't come to that because he is present.* But it was actually my in-laws, *no relation to him whatsoever.*

And *there's just an ongoing fear that this is gonna start right up. He's violated numerous times and only been convicted on the one offense,* so. I would just say *for my own peace and my family's peace, * * * I believe I'm the sixth immediate family member that has had a protection*

3.

*order on Keith, * * * I want to say in the past ten years. A couple no*

*contact orders as well with immediate family.*

*So * * * there's a deep history of violence and I know it's going to*

*be ongoing. So it is a fear and that's * * * the reason why I would like to*

*get it extended for my own safety.*

(Emphasis added.)

{¶ 6} Appellee further testified, on redirect examination, regarding appellant's conduct in connection with the sale of certain real property that belonged to appellee and was located adjacent to appellant's property. Specifically, appellee stated:

Yes. There was contact in 2019. * * * I did sell my property in 2019. * * * [Y]es, there was contact through my realtor. * * * [M]y realtor * * * almost dropped my listing because of the harassment from Keith. * * * [T]he property almost didn't sell because of Keith. * * * I'm going back to 2018 on the thing I was just about to say. So that would have been in 2018, but the sheriffs at the end of 2018 came out to the property because Keith was there.

{¶ 7} After hearing the foregoing testimony, the magistrate issued findings of fact and conclusions of law, and, further, issued an order extending the protection order against appellant for a period of one year. Appellant filed objections to the magistrate's order. A judge found appellant's objections not well-taken, and denied the same by written entry dated May 26, 2020, concluding that appellant "engaged in a pattern of

4.

conduct that caused [appellee] to fear for his safety and knowingly caused him mental distress as prohibited by R.C. 2903.211(A)(1)." Appellant timely filed a notice of appeal on June 22, 2020.

**Assignment of Error**

{¶ 8} Appellant assigns the following as his sole error for our review:

I. The Lower Court Abused Its Discretion in that the Evidence offered by Appellee in Support of Extending the CPO was Insufficient and/or Against the Manifest Weight of the Evidence, and, additionally, Violated His Right Not to [be] Punished Twice for the same offense.

**Analysis**

{¶ 9} Ohio law provides that a protection order issued pursuant to R.C. 3113.31 may be renewed in the same manner as the original order or agreement was issued or approved. R.C. 3113.31(E)(3)(c). Renewal of such a protection order requires "a new finding of domestic violence, or threat thereof * * * to justify issuance of what amount[s] to an effectively new [protection order]." *Lundin v. Niepsuj*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, ¶ 18.

{¶ 10} This court, in *Olson v. Olson*, 6th Dist. Wood No. WD-15-002, 2016-Ohio-149, set forth the standard for granting a civil protection order, as follows:

"When granting a protection order, the trial court must find that petitioner has shown by a *preponderance of the evidence* that petitioner or petitioner's family or household members are in danger of domestic

5.

violence. R.C. 3113.31(D)." *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus. "The decision to grant or dismiss a request for a civil protection order is within the discretion of the trial court." *Rangel v. Woodbury*, 6th Dist. Lucas No. L-09-1084, 2009-Ohio-4407, ¶ 11, citing *Deacon v. Landers*, 68 Ohio App.3d 26, 31, 587 N.E.2d 395 (4th Dist.1990). "An appellate court will not reverse a trial court's decision regarding a civil protection order absent an abuse of discretion." *Id.*, citing *Parrish v. Parrish*, 146 Ohio App.3d 640, 646, 767 N.E.2d 1182 (4th Dist.2000). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "*If the trial court's decision is supported by credible and competent evidence, the appellate court will not reverse the decision as an abuse of discretion.*" *Rangel* at ¶ 11, citing *Jarvis v. Jarvis*, 7th Dist. Jefferson No. 03-JE-26, 2004-Ohio-1386, ¶ 13.

Pursuant to R.C. 3113.31, a person who is subject to domestic violence may petition a court for a protection order. Relevant here, *domestic violence means* "Placing another person by the threat of force in fear of imminent serious physical harm," or *"[E]ngaging in a pattern of conduct [that knowingly causes] [a family or household member] to believe that the offender will cause physical harm to the other person or cause*

*mental distress to the other person."* R.C. 3113.31(A)(1)(b) and 2903.211(A)(1).

Expounding on those elements, *"'Pattern of conduct' means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."* R.C. 2903.211(D)(1). "In determining what constitutes a pattern of conduct for purposes of R.C. 2903.211(D)(1), *courts must take every action into consideration even if, * * * 'some of the person's actions may not, in isolation, seem particularly threatening.'"* *Ensley v. Glover*, 6th Dist. Lucas No. L-11-1026, 2012-Ohio-4487, ¶ 10, quoting *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, 856 N.E.2d 1003, ¶ 10 (12th Dist.).

*"Mental distress"* means "Any mental illness or condition that involves some temporary substantial incapacity," or "Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." R.C. 2903.211(D)(2). *"The statute, however, 'does not require that the victim actually experience mental distress, but only that the victim believes the stalker would cause mental distress or physical harm.'"* *Ensley* at ¶ 13, quoting *Bloom v. Macbeth*, 5th

7.

Dist. Ashland No. 2007-COA-050, 2008-Ohio-4564, ¶ 11. "Moreover, *the testimony of the victim herself as to her fear is sufficient to establish mental distress.*" *Id.,* citing *State v. Horsley*, 10th Dist. Franklin No. 05AP-350, 2006-Ohio-1208, ¶ 48. Notably, we recognize that "mental distress for purposes of the menacing by stalking statute is not mere mental stress or annoyance." *Fondessy v. Simon*, 6th Dist. Ottawa No. OT-11-041, 2013-Ohio-3465, ¶ 19, quoting *Caban v. Ransome*, 7th Dist. Mahoning No. 08 MA 36, 2009-Ohio-1034, ¶ 29.

*Id*. at ¶ 12-15 (emphasis added).

{¶ 11} In the instant matter, appellant argues that the evidence offered by appellee in support of the extension was insufficient and/or against the manifest weight of the evidence. Testimony by appellee established that he was fearful, and suffered mental distress, as a result of appellant's pattern of conduct following the imposition of the initial protective order on January 30, 2018. Such conduct included—in addition to appellant's violation of the protective order that resulted in his November 2018 conviction—appellant's surprise appearance at the funeral for one of appellee's in-laws just days before the January 6, 2020 hearing, appellant's continuing conduct to harass and intimidate in connection with the sale of appellee's property in 2019, and appellant's presence at appellee's property in 2018, which led to a visit by the sheriffs.

{¶ 12} Appellee's uncontroverted testimony concerning his continuing fear of appellant based upon appellant's "deep history" of "ongoing" violence—as evidenced by

8.

appellee's additional testimony concerning the existence of protection orders for five other relatives in addition to appellee—further supports the reasonableness of appellant's fear. "Threats of violence constitute domestic violence for the purposes of R.C. 3113.31 if the fear resulting from those threats is reasonable." *Kiedrowicz v. Kiedrowicz*, 6th Dist. Huron No. H-98-049, 1999 WL 197793, *4 (Apr. 9, 1999), citing *Eichenberger v. Eichenberger*, 82 Ohio App.3d 809, 815, 613 N.E.2d 678 (10th Dist. 1992). Likewise, "[t]he reasonableness of the fear felt by the petitioner is determined with reference to the petitioner's history with the respondent." *Id.*, citing *Eichenberger* at 816; *Conkle v. Wolfe*, 4th Dist. Athens No. 98CA2 (Nov. 18, 1998).

{¶ 13} Appellee's mental distress is further corroborated by the fact of his changed routine in paying respect to his deceased in-law. He testified on cross-examination that he did not attend the funeral the previous Friday, "because I, out of respect for the family I was asked that it would be a good idea that I didn't go because he was there." "Evidence of a changed routine corroborates a finding of mental distress." *Smith v. Wunsch*, 162 Ohio App.3d 21, 2005-Ohio-3498, 832 N.E. 2d 757, ¶ 20 (4th Dist.), citing *Noah v. Brillhart*, 9th Dist. Wayne No. 02CA0050, 2003-Ohio-2421, ¶ 16, and *State v. Scott*, 9th Dist. Summit No. 20834, 2002-Ohio-3199, ¶ 14.

{¶ 14} Appellant's presence at a funeral for someone with whom he had no relationship and where he may have known he was unwelcome demonstrates his intention to cause appellee mental distress, as he knew that appellee would be attending to pay respect to his deceased in-law.

9.

{¶ 15} All of the foregoing constitutes evidence of specific conduct by appellant that occurred at specific times. Although each of the incidents occurred over a period of three years, together they show, by a preponderance of competent, credible evidence that appellant engaged in a pattern of conduct that knowingly caused appellee mental distress, as prohibited by R.C. 2903.211(A)(1). Accordingly, we find the evidence sufficient to support the trial court's renewal of the protection order against appellant for an additional year.

{¶ 16} To the extent that appellant argues that there is no evidence that appellee was in fear of "imminent serious physical harm in December 2019," appellant is reminded that an offender violates R.C. 2903.211(A)(1), menacing by stalking, by engaging in a pattern of conduct that knowingly causes another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person. Thus, elements of R.C. 2903.211(A)(1) include "physical harm" or "mental distress," but do not include "imminent serious physical harm." The use of the word "or" in R.C. 3113.31(A)(1)(b) permits the trial court to find that an offender committed domestic violence *either* by placing another person by the threat of force in fear of imminent serious physical harm *or* by committing a violation of R.C. 2903.211 [menacing by stalking] or R.C. 2911.211 [aggravated trespass]. Any argument to the contrary is properly dismissed as meritless.

{¶ 17} Finally, we look to appellant's claim that the extension of the protection order violated appellant's "constitutional right not to be punished twice for the same

10.

offense." In making this argument, appellant relies on the false premise that the motion to extend the term of the protection order "was based entirely upon [a]ppellant's conviction in the Sylvania Municipal court." From this false premise appellant concludes that "[b]y extending the [protection order] for an additional year based on the Sylvania conviction, the Domestic Relations Court effectively enhanced [a]ppellant's punishment for his 2018 conviction." Stated differently, appellant contends that "[o]ther than the Sylvania conviction, [a]ppellee failed to offer the court any new evidence that would support a finding that he was in imminent fear of physical harm by [a]ppellant in December 2019." As the court's earlier discussion reveals an abundance of additional evidence in support of the trial court's finding that appellant engaged in a pattern of conduct that knowingly caused appellee mental distress, as prohibited by R.C. 2903.211(A)(1), appellant's argument to the contrary—which additionally references a standard for an altogether separate violation—is dismissed as meritless. Appellant's sole assignment of error is found not well-taken.

{¶ 18} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.               _____

                                                          JUDGE

Christine E. Mayle, J.            

                                     _____

Gene A. Zmuda, P.J.                                      JUDGE
CONCUR.

                                        _____

                                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.