[Cite as *S.D. v. S.L.*, 2023-Ohio-4575.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

S.D.                                                    Court of Appeals No.  WD-23-006

     Appellant                                   Trial Court No.  2021 DV 0086

v.

S.L.                                                    **DECISION AND JUDGMENT**

     Appellee                                     Decided:  December 15, 2023

* * * * *

Thomas P. Goodwin, for appellant.

Adam Banks, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Petitioner-appellant, S.D., appeals the January 3, 2023 judgment of the

Wood County Court of Common Pleas, Domestic Relations Division, dismissing an ex

parte domestic violence civil protection order to which respondent-appellee, S.L., was

subject.  For the following reasons, we affirm the trial court judgment.

## I.     Background

{¶ 2} On November 12, 2020, S.L. was charged with domestic violence and child endangering in Perrysburg Municipal Court case Nos. 2001220A and B.[1]  On July 1, 2021, the victim in that case, S.D., filed a petition for a domestic-violence civil protection order ("DVCPO") under R.C. 3113.31 against S.L., on behalf of herself and their child, St.L. (born in 2019).  After an ex parte hearing, the trial court issued an ex parte DVCPO on July 1, 2021.  It set the matter for a full hearing, to take place on July 9, 2021.  By its terms, the order would expire on December 31, 2021, "unless extended by separate entry."

{¶ 3} In the meantime, S.D. was charged on July 6, 2021, in Wood County case No. 2021CR0342, with trespassing in a habitation; S.L. was the victim in that case.  S.D. requested a continuance of the July 9, 2021 hearing.  S.L.'s attorney entered an appearance and also sought a continuance of the July 9, 2021 hearing.  The trial court reset the hearing for August 31, 2021.

---

[1] In their briefs and in the trial-court filings, the parties reference various criminal cases, which we, too, reference in this decision.  The Ohio Supreme Court has recognized that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  (Internal quotations omitted.)  *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 20, quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992).  Consistent with this authority, we have consulted the online trial court dockets for filing dates, case numbers, and offenses charged.

2.

{¶ 4} On August 16, 2021, S.L. was charged with violating a protection order in Perrysburg Municipal Court case No. 2100872, and on August 26, 2021, he was charged with violating a protection order and menacing by stalking in Ottawa County case No. 2022CR0273. Counsel entered an appearance for S.D. in the DVCPO action on August 26, 2021. On September 1, 2021—the day after the DVCPO hearing was scheduled to take place—S.D. sought a continuance "until such time that the companion criminal cases have been resolved." She argued that as a "victim" under Marsy's Law, she had the right to refuse to be interviewed, deposed, or subject to discovery requests until the criminal charges against S.L. were resolved. S.L. did not oppose her motion.

{¶ 5} Over the next ten months, several more unopposed requests for extensions were sought and granted:

- December 20, 2021: S.D. moved to extend the ex parte DVCPO;

- December 27, 2021: The trial court issued a new ex parte DVCPO, effective until June 1, 2022, and set the matter for a full hearing on February 8, 2022. No new ex parte hearing took place;

- February 9, 2022: The trial court set the matter for a Zoom hearing on March 22, 2022;

- March 29, 2022: The trial court set the matter for a Zoom hearing on April 22, 2022;

- June 1, 2022: S.D. moved to extend the ex parte DVCPO;

3.

- June 3, 2022: The trial court issued a new ex parte DVCPO, effective until September 1, 2022. No new ex parte hearing took place.

{¶ 6} On June 15, 2022, S.L. moved to amend the ex parte DVCPO to allow him to visit with his daughter. Approximately three weeks later, on July 7, 2022, S.L. was again charged with violating a protection order in Wood County case No. 2022CR0273. On August 2, 2022, the trial court set the present matter for a phone conference to take place on September 1, 2022. On September 2, 2022, it issued a new ex parte DVCPO, effective until October 15, 2022, and scheduled the matter for a full hearing on October 11, 2022. This ex parte DVCPO did not provide for protection of St.L. and made no reference to an ex parte hearing having been held.

{¶ 7} On September 28, 2022, S.D. moved to modify the September 2, 2022 ex parte DVCPO to include St.L. among the protected parties. In a separate pleading filed the same day, she moved to continue the hearing and extend the ex parte DVCPO "until such time that the companion criminal cases have been resolved," again citing Marsy's Law. This time, on October 5, 2022, S.L. filed a response opposing the motion and moved to dismiss the action.

{¶ 8} In a decision journalized on October 6, 2022, the magistrate denied S.D.'s motion for a continuance as untimely under Local Rule 6.03(D) (requiring a motion for continuance to be filed 14 days in advance), and it confirmed the October 11, 2022 hearing date. On October 11, 2022, S.D. moved to set aside the magistrate's order,

4.

arguing that the order was inconsistent with the court's prior orders, and S.L. moved to dismiss the ex parte DVCPO. A week later, S.D. moved to renew the ex parte DVCPO.

{¶ 9} In a judgment journalized on January 3, 2023, the trial court denied S.D.'s motion to set aside the October 6, 2022 magistrate's decision and dismissed the ex parte DVCPO. It found (1) S.D. filed the action under R.C. 3113.31, which afforded S.L. the right to a full hearing within ten days; (2) S.L. now wants a full hearing; (3) none of the exceptions in R.C. 3113.31(D)(2)(a) apply, therefore, the court cannot continue the full hearing; (4) S.D. could seek a protection order under R.C. 2919.26 by filing a motion in the criminal case; (5) R.C. 2919.26 would require S.D. to appear at a full hearing, but it would require her to provide information requested by *the court*—it would not require her to answer questions from S.L. or his representative; (6) S.D.'s prior requests for continuances and to extend the ex parte DVCPO were granted because S.L. did not object to those requests; and (7) because S.L. now objects, the magistrate's decision denying S.D.'s motion for continuance is not inconsistent with prior orders of the court on the same issue.

{¶ 10} S.D. appealed. She assigns the following errors for our review:

I. The Wood County Court of Commons Pleas, Domestic Relations Division ("Trial Court") erred in finding the Petitioner-Appellant's, ("Appellant") rights as a victim of domestic violence per R.C 2919.25A does not provide good caused for granting neither R.C. 3113.31 Motions

for Continuance of Hearing nor R.C. 3113.31 Motions to Continue Ex Parte Order when Appellant cites Article, I, Section 10a, Ohio Constitution ("Marsy's Law"), as good cause in support of either Motion.

II. The Trial Court erred in issuing The Order denying Appellant's September 28, 2022, Motion for Continuance of Hearing, Motion to Continue Ex Parte Order, and Memorandum in Support ("The Motion"), as Motions for Continuance of Hearing and Motions to Extend Ex Parte Domestic Violence Civil Protections Orders ("Motion to Extend Ex Parte CPO") were previously granted on the same grounds in the same case before the same court."

## II.     Law and Analysis

{¶ 11} In her first assignment of error, S.D. argues that because charges are pending against S.L. in a related criminal case in which she is the victim, the Ohio Constitution, Article I, Section 10a ("Marsy's Law") permits her to refuse questioning by S.L. in the present action where she seeks a DVCPO. She insists that the rights afforded under Marsy's Law constitute "other good cause" entitling her to a continuance of the ex parte DVCPO so long as the criminal charges against S.L. remain pending.

{¶ 12} In her second assignment of error, S.D. argues that the trial court's decision denying a continuance is at odds with (1) its prior orders granting continuances, and (2) its decision in *DiMasso v. DiMasso,* Wood County case No. 2021-DV-0130 (Feb. 11,

6.

2022) (continuing full hearing and extending ex parte DVCPO until resolution of related criminal case).

{¶ 13} Under R.C. 3113.31, a person may petition a domestic relations court or a common pleas court for a DVCPO. *See Parrish v. Parrish*, 95 Ohio St.3d 1201, 1204, 765 N.E.2d 359 (2002); *Haas v. Semrad*, 6th Dist. Lucas No. L-06-1294, 2007-Ohio-2828, ¶ 9. At the petitioner's request, the court, after holding an ex parte hearing, may issue an ex parte DVCPO "for good cause shown." R.C. 3113.31(D)(1). If the court issues an ex parte DVCPO, due process requires that the court schedule a "full hearing" within seven or ten days, depending on the restrictions contained in the order, and it must give the respondent "notice of, and an opportunity to be heard at, the full hearing." *Adamski v. Adamski,* 6th Dist. Lucas No. L-21-1067, 2022-Ohio-32, ¶ 32, quoting R.C. 3113.31(D)(2)(a), and ¶ 43. At the full hearing, the court must allow the respondent to argue and to present direct and rebuttal evidence. *Deacon v. Landers,* 68 Ohio App.3d 26, 29-30, 587 N.E.2d 395 (4th Dist.1990) ("[T]he opportunity to be heard and to defend oneself is required by R.C. 3113.31 before judgment of a protection order can be entered against a party to the action.").

{¶ 14} Under the following circumstances, a trial court "may" grant a continuance of the full hearing required under R.C. 3113.31: (1) the respondent has not been served with notice prior to the date of hearing; (2) the parties consent to a continuance; (3) the continuance is needed to allow a party to obtain counsel; or (4) the continuance is needed

7.

for other good cause. R.C. 3113.31(D)(2)(a)(i)-(iv). The grant or denial of a motion for a continuance is reviewed for an abuse of discretion. *R.H. v. J.H.,* 9th Dist. Medina No. 18CA0115-M, 2020-Ohio-3402, ¶ 6, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 Ohio St.2d 1078, 423 N.E.2d 1078 (1981). A decision dismissing a request for a civil protection order is also reviewed for an abuse of discretion. *Barrett v. Soltesz*, 6th Dist. Erie No. E-14-089, 2015-Ohio-794, ¶ 26.

### A. A trial court *may*, but is not required, to find that Marsy's Law constitutes "good cause" for continuing a full hearing.

{¶ 15} In her first assignment of error, S.D. argues that "Marsy's Law constitutes 'good cause,'" under R.C. 3113.31(D)(2)(a)(iv), entitling her to a continuance of the full hearing the statute requires. In essence, S.D. claims that because the criminal proceedings against S.L. remained pending, the trial court lacked discretion to do anything but continue the hearing.

{¶ 16} Article I, Section 10a(A) of the Ohio Constitution, commonly referred to as Marsy's Law, seeks "[t]o secure for victims justice and due process throughout the criminal and juvenile justice systems." It provides certain rights to victims, "which shall be protected in a manner no less vigorous than the rights afforded to the accused." *Id.* Included among those rights is the right, "except as authorized by section 10 of Article I of this constitution, to refuse an interview, deposition, or other discovery request made by the accused or any person acting on behalf of the accused." *Id.* at Article I, Section

8.

10a(A)(6).  By its own terms, the provisions contained in Article I, Section 10a(A) "supersede all conflicting state laws."  *Id.* at Article I, Section 10a(E).

{¶ 17} Preceding the passage of Marsy's Law as a constitutional amendment, some Ohio courts found that pending criminal charges against a respondent may constitute good cause for granting a petitioner's request to continue a full hearing on a DVCPO.  *See, e.g., Martin v. Martin*, 10th Dist. Franklin No. 13AP-171, 2013-Ohio-5703, ¶ 18 (finding that appellant "failed to demonstrate that the court abused its discretion in concluding that the pending criminal charges constituted good cause for granting a continuance").  On the other hand, some Ohio courts declined to find good cause where a respondent requested a continuance of the hearing date pending the completion of his criminal trial.  *See Conkle v. Wolfe,* 131 Ohio App.3d 375, 384, 722 N.E.2d 586 (4th Dist.1998); *Wirtz v. Wirtz,* 7th Dist. Mahoning No. 99-CA-57, 2000 WL 1486652, * 2-3 (Sept. 27, 2000).

{¶ 18} These pre-Marsy's Law cases make clear that a trial court may, in its discretion, find that pending criminal charges against the respondent constitutes good cause for continuing a full hearing.  S.D. insists that the passage of Marsy's Law now obligates a trial court to find good cause when a victim requests a continuance of a full hearing pending resolution of criminal proceedings.  At oral argument, counsel for S.D.

9.

clarified that she asks us to find that there exists a bright-line rule *requiring* the trial court to find good cause under these circumstances.[2]  We decline to do so.

{¶ 19} First, Marsy's Law permits a victim to refuse only an "interview," "deposition," or "other discovery request."  It does not permit a victim to refuse to testify at a court proceeding.  Although no Ohio case has directly addressed this issue, the Arizona Court of Appeals has recognized that its Victims' Bill of Rights, Arizona Constitution, Article II, Section 2.1(A)(5)—analogous to Ohio's Marsy's Law amendment—does not insulate a victim from being required to appear and testify at court proceedings.  *See State ex rel. Dean v. City Court of City of Tucson,* 844 P.2d 1165, 1167 (Ariz.App.1992); *A.H. by Weiss v. Superior Court In & For Cnty. of Mohave,* 911 P.2d 633, 636 (Ariz.App.1996) ("[S]ection 2.1(A)(5) was not intended to permit victims to refuse to testify in court proceedings * * *.").  We too find that the plain language of Article I, Section 10a(A)(6) of the Ohio Constitution does not permit a victim to refuse to testify in court proceedings.[3]  Thus, proceeding to a full hearing on the DVCPO would

---

[2] S.D.'s attorney confirmed at oral argument that she is asking this court to establish a bright-line rule requiring a trial court to grant a continuance of the full hearing and extend an ex parte DVCPO where a petitioner seeks a DVCPO against a respondent, an ex parte DVCPO has been granted, and the respondent is a defendant in a companion criminal case that remains pending.  She maintains that the protections afforded under Marsy's Law constitute "good cause," such that a court must always grant a victim's request to continue a full hearing.

[3] What's more, R.C. Chapter 2930 ("Victim's Rights") was overhauled earlier this year to implement the protections provided in the Marsy's Law amendment.  Although R.C. 2930.071(B) (effective beginning April 6, 2023) now requires a defendant to show good

10.

not present a conflict between R.C. 3113.31 and Article I, Section 10a(A)(6), and would not violate S.D.'s constitutional rights.

{¶ 20} Also, Ohio's Marsy's Law amendment passed in 2017—nearly six years ago. In that time, the Ohio Legislature has amended R.C. 3113.31 four times, but it has not amended R.C. 3113.31(D)(2)(a) to include this scenario among the enumerated reasons for continuing a full hearing. Its failure to amend the statute to create a bright-line rule is a signal to this court that we, too, should decline to judicially create such a bright-line rule.

{¶ 21} Rather, we conclude that a trial court *may* find that pending criminal charges against the respondent constitutes good cause for continuing a full hearing on a petition for a DVCPO, but we decline to find that Marsy's Law mandates a finding of good cause and requires the court to grant a continuance. As such, we consider whether the trial court abused its discretion here when it denied S.D.'s motion for a continuance.

{¶ 22} An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one that lacks adequate

---

cause at a hearing before subpoenaing a victim to testify at a pretrial hearing in the criminal matter, nothing in that chapter permits a victim to refuse to testify at a court proceeding.

determining principle and is not governed by any fixed rules or standard." *Id., quoting Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, 2008 WL 2779511, ¶ 11. And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶ 23} S.D. first obtained the ex parte DVCPO on July 1, 2021. After 15 months, a full hearing still had not occurred, despite the fact that the statute contemplated that a hearing would take place within ten days of the ex parte DVCPO. In *Wirtz*, 7th Dist. Mahoning No. 99-CA-57, 2000 WL 1486652, the court found that the trial court did not abuse its discretion in refusing respondent's request to continue the full hearing until after his criminal trial, particularly because to do so could send the matter on a "course of delay," while "resolution of the civil protection order would be left lingering." *Id.* at * 3. Certainly, there have been many delays in the present matter and resolution of the DVCPO has been left lingering, interfering with S.L.'s right to a full hearing. We, therefore, find no abuse of discretion in the trial court's finding that good cause did not exist here to further delay the full hearing.

{¶ 24} S.D. points us to *DiMasso*, Wood County case No. 2021 DV 0130 (Feb. 11, 2022), where a different trial judge granted a motion for continuance by the petitioner on the basis of Marsy's Law. There the petitioner complained that if the matter proceeded to a full hearing before the criminal charges were resolved, she would be required to testify and be subject to cross-examination by respondent's counsel, providing respondent with

12.

"more discovery in the criminal proceeding than he would normally be entitled and in violation of Section 10a(A)(6)." The trial judge found this argument persuasive and granted her motion. We conclude, however, that this did not bind the trial judge in the present case to reach the same conclusion.

{¶ 25} First, the delay in *DiMasso* does not appear to have been as significant as the delay in the present case. Second, in granting discretion to a trial court, it is inevitable that two trial judges may disagree as to what does or does not constitute "good cause"; this does not necessarily render either decision an "abuse of discretion." *See, e.g., Davis v. Sam's Club*, 8th Dist. Cuyahoga No. 69647, 1996 WL 517637, *5 (Sept. 12, 1996) (declining to find abuse of discretion despite the fact that appellate court or another trial judge may have reached different conclusions); *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. Franklin No. 05AP-593, 2006-Ohio-508, ¶ 19 (explaining that different conclusions reached by two trial court judges after exercising discretion "does not compel the finding that either judge committed an abuse of discretion"). Third, the trial court's rationale in *DiMasso* was not tested in the court of appeals, so the trial judge in the present case was not required to reach the same conclusion as the trial judge in *DiMasso*. Finally, we believe that the trial court, in accepting the petitioner's rationale, may have overlooked the fact that Section 10a(A)(6) does not permit a victim to refuse to testify in court proceedings; it merely permits her to

13.

refuse an "interview," "deposition," or "discovery request" made by the accused or his representative.

**{¶ 26}** This does raise one more issue worth noting. Specifically, while Marsy's Law does not insulate S.D. from testifying in court, it does excuse her from responding to discovery requests from S.L. while the criminal matter remains pending. As a matter of course, Civ.R. 65.1(D) already places limitations on a respondent's right to discovery in a DVCPO action. Marsy's Law wholly eliminates the petitioner's obligation to respond to discovery requests from the respondent so long as the criminal matter remains pending. This does not mean that a full hearing cannot take place. But if a respondent does not consent to a victim's request to continue the hearing and instead seeks to move forward to the full hearing while the criminal case remains unresolved, he must do so subject to the rights afforded the victim under Marsy's Law. Here, this means that S.L. will have to go forward with the full hearing without discovery from S.D.

**{¶ 27}** Finally, although not specifically assigned as error, S.D. also argues that "immediate and present danger of domestic violence alone is good cause for issuance and extension of an ex parte CPO pursuant to R.C. 3113.31(D)(1)." In making this argument, S.D. conflates the "good cause" required under R.C. 3113.31(D)(1) for a court to enter a temporary ex parte DVCPO in the first place, with the "good cause" that must be shown to continue a full hearing under R.C. 3113.31(D)(2)(a). "Immediate and present danger of domestic violence to the family or household member or to the person with whom the

14.

respondent is or was in a dating relationship constitutes good cause" for entering a temporary ex parte DVCPO—it does not provide a basis for continuing a full hearing. R.C. 3113.31(D)(1).

{¶ 28} We find S.D.'s first assignment of error not well-taken.

**B.    The trial court's prior decisions granting continuances did not obligate it to grant a continuance here.**

{¶ 29} In her second assignment of error, S.D. claims that the trial court erred in denying her motions for continuance and to extend the ex parte DVCPO because it had granted previous motions.  The trial court addressed this in its judgment.  It explained that the previous requests were granted "in the absence of objection by the Respondent." S.L. objected to S.D.'s most recent motion.  This is certainly a valid rationale for reaching a different outcome on S.D.'s most recent motion.  And in any event, it is within the direction of the trial court whether to grant or deny a request for continuance. *Adamski,* 6th Dist. Lucas No. L-21-1067, 2022-Ohio-32, at ¶ 48.  The trial court was not obligated to grant additional requests for continuances merely because it granted previous requests, particularly where those previous requests were unopposed.  S.D. has not demonstrated that the trial court abused its discretion here.

{¶ 30} We find S.D.'s second assignment of error not well-taken.

### III.    Conclusion

{¶ 31} A trial court may find that pending criminal charges against the respondent constitutes good cause under R.C. 3113.31(D)(2)(a)(iv) for granting a victim's request to

15.

continue a full hearing on a petition for a DVCPO, but we decline to find that Marsy's Law mandates a finding of good cause and requires the court to grant a continuance. The trial court did not abuse its discretion in denying S.D.'s motions to continue the full hearing and to extend the ex parte DVCPO. We find S.D.'s first assignment of error not well-taken.

{¶ 32} It was within the trial court's discretion whether to grant a continuance under R.C. 3113.31(D)(2)(a)(iv). It was not required to grant additional requests for continuances merely because it granted previous requests. We find S.D.'s second assignment of error not well-taken.

{¶ 33} We affirm the January 3, 2023 judgment of the Wood County Court of Common Pleas, Domestic Relations Division. S.D. is ordered to pay the costs of this judgment under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

Gene A. Zmuda, J.
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

**ZMUDA, J.**

{¶ 34} I concur with the majority's well-reasoned analysis that the protection of a victim's rights, as described under Ohio's Marsy's law, does not establish a bright-line rule mandating the continuance of the hearing required under R.C. 3113.31(D)(2)(a). I write separately, however, because I find that S.D.'s argument that the trial court erred when it found that protection of her rights did not constitute good cause to continue the hearing under R.C. 3113.31(D)(2)(a)(iv) is improperly raised for the first time in this appeal.

17.

{¶ 35} Neither S.D.'s September 28, 2022 motion for continuance nor her October 11, 2022 motion to set aside the magistrates order argues that protection of her rights constitutes "good cause" for continuance of the hearing as described in R.C. 3113.31(D)(2)(a)(iv). "Arguments raised for the first time on appeal are generally barred." *Lester v. Don's Automotive Group, LLC,* 2021-Ohio-4397, 181 N.E.3d 1239, ¶ 49 (6th Dist.). "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Id.* S.D.'s failure to allege that the October 11, 2022 hearing should have been continued for good cause pursuant to R.C. 3113.31(D)(2)(a)(iv) precludes her from making that argument in this appeal. Therefore, I would conclude our analysis of appellant's first assignment of error upon finding that S.D.'s protections under Marsy's Law does not mandate a continuance of the hearing, and would not address her good cause argument.

{¶ 36} I concur in the remainder of the majority's analysis and conclusions.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.