[Cite as *M.R. v. D.R.*, 2024-Ohio-4514.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

M.R.                                              Court of Appeals No.  OT-23-039

     Appellee                                    Trial Court No.  23 DR 84

v.

D.R.                                              **DECISION AND JUDGMENT**

     Appellant                                   Decided:  September 13, 2024

* * * * *

D.R., pro se

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal, pro se, from an Ottawa County Common Pleas Court, Domestic Relations Division, domestic-violence civil protection order ("DVCPO") directing D.R., respondent below and appellant herein, to refrain from committing acts of abuse or threats of abuse against M.R., petitioner below and appellee herein, and her son A.G. For the reasons that follow, the trial court's judgment is reversed.

**Statement of the Case and the Facts**

{¶ 2} Appellant and appellee are married. In 2019, appellant was sentenced to serve 47 months in prison for domestic violence. The victim in that case was appellee.

{¶ 3} On August 3, 2023, appellee filed a petition for a DVCPO, under R.C. 3113.31. She stated in her petition that appellant had threatened her and her son with violence, including threats to kill. She alleged that he engaged in obsessive and controlling behaviors, that "[h]e has only gotten worse at this point," and that "[h]e's found every way possible to get through to me with calls, letters, sending people to my home etc." On the same day the petition was filed, a magistrate issued an ex parte order that precluded appellant from having any contact with, or coming within 500 feet of, appellant or A.G.

{¶ 4} The record indicates that appellant was served on August 8, 2023, at Lorain Correctional Institution, where he was at that time incarcerated. A full hearing on appellee's petition was scheduled for August 11, 2023. However, because service on appellant had not been verified as of that date, the magistrate continued the hearing to September 15, 2023.

{¶ 5} On September 1, 2023, appellant filed a motion requesting an order that would permit his presence at the September 15, 2023 hearing by way of video or Zoom. On September 6, 2023, a magistrate issued an order granting appellant permission to attend the hearing by telephone. Specifically, the order provided:

> After considering all of the circumstances of this case,
> including the possibility of victimization of [appellee] at the

2.

full hearing, it is found that [appellant's] right to participate at the full hearing will be adequately protected by allowing him to participate at the hearing by phone.

If [appellant] provides a phone number to the court in writing prior to the full hearing on 9/15/2023 at 10:00 a.m. at which [sic] the court can call him on the court's conference line on the morning of the hearing, the court will call him at that number and [appellant] will be allowed to participate by phone.

At the hearing, [appellant] is not to use his phone participation to abuse or threaten [appellee]. If he does so, his phone participation will be summarily terminated.

{¶ 6} Notice of this order, although sent to appellant at the correct prison address, was eventually returned to the court marked in handwriting "RTS Not here," and stamped "Return to sender. Refused. Unable to send." The record reveals that the trial court would not have known about this failed service at the time of the hearing.

{¶ 7} The hearing took place as scheduled on September 15, 2023, after which the court issued a judgment of protection order against appellant. According to the order, only appellee had been present at the hearing. In addition, the order contained the following findings of facts by the court:

Petitioner and respondent have been married for 16 years. In 2019, respondent was sentenced to 47 months in prison for domestic violence. The victim in that case was petitioner. Respondent stabbed petitioner in the back with a pen while chasing her to keep her from phoning for help. Prior to this incident, respondent made numerous threatening statements to petitioner during the marriage, such as telling her that he would kill her and bury her in the backyard.

3.

When respondent was released from prison after serving his sentence, as part of his parole he was to have no contact with petitioner. However, after his release he made numerous phone calls to petitioner asking her to forgive him and take him back. In response, petitioner told him not to contact her. Despite this, he continued to call her. Petitioner testified that his efforts to contact her have been "relentless" and virtually non-stop. In the past year, respondent has phoned petitioner hundreds of times.

Due to his continuing contact with petitioner, as well as his drug use, including meth, respondent was returned to prison for violating parole. He remained in prison at the time of the full hearing for the protection order. Petitioner continues to be extremely fearful of respondent. Her adult son is also fearful of respondent and he asks to be named as a protected person, according to petitioner.

(Prior to the full hearing [sic], respondent filed a motion from prison asking that he be allowed to participate by Zoom. In response, an order was issued saying that he could participate by phone if he provided the court with a phone number at which [sic] be reached at the time of the full hearing. He did not provide a number.)

{¶ 8} Appellant timely appealed the trial court's judgment.

**Assignments of Error**

{¶ 9} On appeal, appellant asserts the following assignments of error:

I.    The trial court erred to the substantial prejudice of the appellant when it failed to permit appellant to be present for the CPO full hearing and failed to give proper notice of hearing.

II.     The trial court erred to the substantial prejudice of the appellant by failing to make the statutory findings required to issue a civil protection order, in violation of the Fourteenth Amendment to the United States Constitution's Due Process clause.

**Law and Analysis**

**R.C. 3113.31**

{¶ 10} A person may petition a domestic relations court or a common pleas court for a DVCPO under R.C. 3113.31. *See S.D. v. S. L.*, 2023-Ohio-4575, ¶ 13 (6th Dist.). At the request of the petitioner, the court, after holding an ex parte hearing, may issue an ex parte DVCPO "for good cause shown." R.C. 3113.31(D)(1). "If the court issues an ex parte DVCPO, due process requires that the court schedule a 'full hearing' within seven or ten days, depending on the restrictions contained in the order, and it must give the respondent 'notice of, and an opportunity to be heard at, the full hearing.'" *Id.*, citing *Adamski v. Adamski*, 2022-Ohio-32, ¶ 32, quoting R.C. 3113.31(D)(2)(a), and ¶ 43.

{¶ 11} "At the full hearing, the court must allow the respondent to argue and to present direct and rebuttal evidence." *Id.*, citing *Deacon v. Landers*, 68 Ohio App.3d 26, 29-30 (4th Dist. 1990) ("[T]he opportunity to be heard and to defend oneself is required by R.C. 3113.31 before judgment of a protection order can be entered against a party to the action."). A trial court may grant a continuance of the full hearing required under R.C. 3113.31 under the following circumstances: (1) where the respondent has not been

served with notice prior to the date of the hearing; (2) where the parties consent to a continuance; (3) where the continuance is needed to allow a party to obtain counsel; or (4) where the continuance is needed for other good cause. *Id.* at ¶ 14, citing R.C. 3113.31(D)(2)(a)(i)-(iv).

{¶ 12} A trial court granting a protection order must find that the petitioner has shown by a preponderance of the evidence that the petitioner or petitioner's family or household members are in danger of domestic violence. *A.B. v. I.E.*, 2024-Ohio-1809, ¶ 24 (6th Dist.), quoting *Spaulding v. Spaulding*, 2021-Ohio-533, ¶ 10 (6th Dist.). (Additional citations omitted.) Relevant here, domestic violence means "[p]lacing another person by the threat of force in fear of imminent serious physical harm," or "engaging in a pattern of conduct [that knowingly causes] mental distress" to another person or to the other person's family or household member. R.C. 3113.31(A)(1)(ii) and R.C. 2903.211(A)(1).

{¶ 13} This court has expounded on the elements of "pattern of conduct" and "mental distress," as follows:

> ' "Pattern of conduct" means *two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.'* R.C. 2903.211(D)(1). 'In determining what constitutes a pattern of conduct for purposes of R.C. 2903.211(D)(1), *courts must take every action into consideration even if, * * * "some of the person's actions may not, in isolation, seem particularly threatening."'* Ensley v. Glover*, 6th Dist. Lucas No. L-11-1026, 2012-Ohio-4487, ¶ 10, quoting *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, 856 N.E.2d 1003, ¶ 10 (12th Dist.).

6.

> *'Mental distress'* means 'Any mental illness or condition that involves some temporary substantial incapacity,' or 'Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.' R.C. 2903.211(D)(2). *'The statute, however, "does not require that the victim actually experience mental distress, but only that the victim believes the stalker would cause mental distress or physical harm."'* *Ensley* at ¶ 13, quoting *Bloom v. Macbeth*, 2008-Ohio-4564, ¶ 11 (5th Dist.). 'Moreover, *the testimony of the victim herself as to her fear is sufficient to establish mental distress.' Id.,* citing *State v. Horsley*, 2006-Ohio-1208, ¶ 48 (10th Dist.). Notably, we recognize that 'mental distress for purposes of the menacing by stalking statute is not mere mental stress or annoyance.' *Fondessy v. Simon*, 2013-Ohio-3465, ¶ 19 (6th Dist.), quoting *Caban v. Ransome*, 2009-Ohio-1034, ¶ 29 (7th Dist.).

*Spaulding* at ¶ 10, quoting *Olson v. Olson*, 2016-Ohio-149, ¶ 12 (6th Dist.), ¶ 14-15.

{¶ 14} "The decision to grant or dismiss a request for a civil protection order is within the discretion of the trial court." *Spaulding* at ¶ 10, quoting *Olson* at ¶ 12. (Additional quotations and citations omitted.) "An appellate court will not reverse a trial court's decision regarding a civil protection order absent an abuse of discretion." *Id.*

**D.R. did not receive adequate notice of the opportunity to be heard.**

{¶ 15} Appellant argues in his first assignment of error that he did not have notice of the hearing or an opportunity to be heard. He admits in his brief, and the record confirms, that on August 8, 2023, he received notice that a full hearing would take place on August 11, 2023. As indicated above, the August 11, 2023 hearing was rescheduled for September 15, 2023, because service on appellant had not been verified as of the

7.

earlier date. Appellant's September 1, 2023 motion requesting an order that would permit his presence at the September 15, 2023 hearing by way of video or Zoom makes clear that he also received notice of the rescheduled hearing. Thus, as of September 1, 2023, appellant was provided both notice and an opportunity to be heard sufficient to satisfy statutory requirements. *See Jones v. Bowens*, 2003-Ohio-5224, ¶ 20 (where the court gave the incarcerated appellant notice and sent the prison a copy of the magistrate's order rescheduling child support hearing, the opportunity to be heard was available, and statutory due process was satisfied; the court had no duty to ensure the appellant's presence at the hearing); *see also, Hageman v. Brown*, 2008-Ohio-3218, ¶ 27 (statutory due process deemed satisfied where trial court provided the appellant and the prison with notice of child support hearing and, further, sent the prison a request to permit the appellant to appear by telephone; the court had no duty to secure the appellant's presence, physically or by telephone, at the hearing).

{¶ 16} The difficulty in this case did not arise until after the magistrate's ruling in response to appellant's September 1, 2023 motion to appear by Zoom. Despite having satisfied its duty to protect defendant's rights by giving notice and opportunity to be heard during the September 15, 2023 hearing, the magistrate went above and beyond to accommodate appellant's request to appear by phone or Zoom if appellant provided a phone number prior to the hearing.

{¶ 17} "A Fourteenth Amendment due process right of physical access to the courts has not been extended to prisoners." *Trammell v. Powell*, 2011-Ohio-2978, ¶ 6 (2d

8.

Dist.), citing *Shepard Grain Co. v. Creager,* 2005-Ohio-1717, ¶ 17 (2d Dist.), citing

*Mancino v. Lakewood*, 36 Ohio App.3d 219, 221 (8th Dist. 1987) and *Wolff v.*

*McDonnell*, 418 U.S. 539, 576 (1974). "'Thus, an absolute right for an incarcerated party

to be present in a civil action does not exist…. The decision whether or not to allow an

incarcerated party to be present is within the sound discretion of the trial court.'" *Id.*,

citing *Creager* at ¶17, citing *Kampfer v. Donnalley*, 125 Ohio App.3d 359, 363 (7th Dist.

1998).

{¶ 18} Here, it seems apparent that appellant never received notice of this

additional accommodation to participate by phone, and, unsurprisingly, he never

provided a phone number. It is the failure of this additional notice -- which was clearly

due to an unexplained failure of delivery at the prison, and not because of any deficiency

on the part of the magistrate -- which makes this case distinguishable and compels our

decision in this case.

{¶ 19} Because the record makes clear that appellant never received notice of the

opportunity to participate, the hearing took place as if the trial court had never granted

appellant the opportunity to be present. As this does not reflect the trial court's intention

following the proper exercise of its discretion, we believe that this was error.

Accordingly, appellant's first assignment of error is found well-taken. Because we find

appellant's first assignment of error well-taken, his second assignment of error is

rendered moot.

9.

## Conclusion

**{¶ 20}** For all of the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded to the trial court for a new hearing. Appellee is to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.